ABDEL GUADALUPE TIRADO y GERARDO A. CRUZ MALDONADO, COMISIONADO ELECTORAL DEL PARTIDO POPULAR DEMOCRÁTICO, ET AL., recurridos, *v.* COMISIÓN ESTATAL DE ELECCIONES ET AL., peticionarios.

*Número:* CC-2005-306 *Resuelto:* 28 de junio de 2005

*Ramón L. Walter Merino*, abogado de la parte peticionaria; *Pedro Ortiz Álvarez*, abogado de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Nos corresponde determinar si un candidato a Legisla-

dor Municipal que acudió a las elecciones generales de noviembre de 2004 como candidato independiente tiene derecho a ocupar el último escaño de Legislador Municipal que la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4001 *et seq.*) reserva, mediante el mecanismo de representación de minorías, a aquel "partido político" que llegue en tercer lugar en unas elecciones generales, cuando obtiene un número de votos que lo colocan como la tercera opción electoral con más votos directos.

## I

El pasado 2 de noviembre de 2004 se celebraron en Puerto Rico las elecciones generales. Tras el conteo inicial, en virtud de lo establecido en el Art. 6.009 de la Ley Electoral de Puerto Rico, Ley Núm. 4 de 20 de diciembre de 1977 (16 L.P.R.A. sec. 3269), y en el Art. 4.003 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (Ley de Municipios Autónomos), 21 L.P.R.A. sec. 4153, la Comisión Estatal de Elecciones (C.E.E.) certificó y declaró debidamente electos en el Municipio de Vieques a los legisladores municipales siguientes:

| | | |
|---|---|---|
| Francisco J. Pimentel Maldonado | PPD | 2,322 |
| Gertrudis Guadalupe Guadalupe | PPD | 2,294 |
| Manuel Pérez Pérez | PPD | 2,288 |
| Luis A. Ilarraza Rodríguez | PPD | 2,288 |
| Francisco Saldaña López | PPD | 2,285 |
| Douglas Vélez Bermúdez | PPD | 2,282 |
| Juan A. Cruz Díaz | PPD | 2,282 |
| Gilberto García Ortiz | PPD | 2,256 |
| Julio Serrano López | PPD | 2,245 |
| Marcelino Díaz Nieves | PNP | 1,381 |
| Frances Colón Cruz | PNP | 1,364 |
| *José E. Feliciano Maldonado* | *IND* | *1,221*[1] |

---

[1] Este legislador municipal electo renunció efectivo el 3 de enero de 2005. El 7 de enero de 2005 la Comisión Estatal de Elecciones (C.E.E.) certificó al Sr. José Francisco Estrada Rodríguez para cubrir esa vacante. El referido proceso de sustitución no es objeto de controversia.

El señor Feliciano Maldonado se postuló como candidato independiente a la Legislatura Municipal de Vieques. Su candidatura formaba parte de un grupo que se organizó con el único fin de proveer a Vieques un alcalde, y su correspondiente Legislatura Municipal, que no respondiera a los intereses partidistas tradicionales. Ese grupo de candidatos independientes obtuvo una mayor cantidad de votos que los candidatos del Partido Independentista Puertorriqueño (P.I.P.).[2] De ahí que, aun cuando el Art. 4.003 de la Ley de Municipios Autónomos, *supra*, reservaba el último escaño de legislador municipal a aquel "partido político" que llegase en tercer lugar, la C.E.E. lo confirió al candidato independiente a legislador municipal, Sr. Francisco Estrada Rodríguez.

Insatisfechos con esa certificación, el Sr. Abdel Guadalupe Tirado, Presidente del Comité Municipal del P.I.P en Vieques, y el Sr. Belardo Salgado solicitaron al Tribunal de Primera Instancia la revisión de la decisión emitida por la C.E.E. Reclamaron que asistía al P.I.P., como tercer partido político, el derecho a tener un legislador municipal en Vieques, independientemente del número de votos que obtuviese con relación a los demás candidatos.

La C.E.E. se opuso a esta contención. Eventualmente, el Tribunal de Primera Instancia confirmó la actuación de la C.E.E. y, oportunamente, los Sres. Guadalupe Tirado y Belardo Salgado acudieron vía *certiorari* al Tribunal de Apelaciones. Dicho foro concluyó que el Art. 4.003 de la Ley

---

[2] Según certificado por la C.E.E., el candidato a alcalde independiente y su grupo de legisladores municipales, obtuvieron la cantidad de votos siguiente:

*Alcalde*

| José (Gardo) Maldonado | 1,336 |
|---|---|

*Legisladores Municipales*

| Francisco Estrada Rodríguez | 1,205 |
|---|---|
| José A. Félix Cruz | 1,207 |
| Héctor L. Meléndez Vegerano | 1,205 |
| Derek J. Rionda Mercado | 1,206 |
| José M. Cruz Rodríguez | 1,198 |
| Benjamín Feliciano Parrilla | 1,201 |
| José E. Feliciano Maldonado | 1,221 |
| Carlos E. González Foster | 1,218 |
| Carmen N. Perea Velázquez | 1,160 |

de Municipios Autónomos, *supra*, establece que los escaños de las minorías en las legislaturas municipales pertenecen a los "partidos políticos" que hayan comparecido a las elecciones, no a candidatos independientes. Por ello revocó el dictamen emitido por el Tribunal de Primera Instancia y ordenó a la C.E.E. que certificara al Sr. Belardo Salgado como legislador municipal del P.I.P. en el Municipio de Vieques.

Inconforme, la C.E.E. acude ante nos para solicitar la revisión de la resolución emitida por el Tribunal de Apelaciones. Tras la presentación del recurso de *certiorari*, y dado el alto interés público involucrado en la controversia ante nuestra consideración, concedimos un término a las partes para que se expresaran sobre los méritos de las alegaciones de los peticionarios. Con el beneficio de sus comparecencias, resolvemos.

## II

A. La Constitución del Estado Libre Asociado de Puerto Rico dispone, entre otras cosas, que:

> La Asamblea Legislativa tendrá facultad para crear, suprimir, consolidar, y reorganizar municipios, modificar sus límites territoriales y *determinar lo relativo a su régimen y función*; y podrá autorizarlos, además, a desarrollar programas de bienestar y a crear aquellos organismos que fueren necesa

---

Por su parte, el candidato a Alcalde del Partido Independentista Puertorriqueño (P.I.P.) y su grupo de legisladores municipales, obtuvieron la cantidad de votos siguiente:

*Alcalde*

| | |
|---|---|
| Pibe Guadalupe Tirado | 227 |

*Legisladores Municipales*

| | |
|---|---|
| Carmelo Belardo Salgado | 297 |
| Carlos Ruiz Vázquez | 278 |
| Felícita Sanes Torres | 284 |
| Luz Landró Maldonado | 264 |
| Rafael Williams Brache | 276 |
| Carmen Rivera Acevedo | 260 |
| Carmen Corcino Mata | 272 |
| Brenda Liz Corcino Rosa | 263 |
| Reinaldo Rodríguez | 266 |

rios a tal fin. (Énfasis suplido.) Art. VI, Sec. 1, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 400.

■ De acuerdo con esto, la Asamblea Legislativa de Puerto Rico diseñó un esquema dirigido a garantizar la representación de las minorías en los cuerpos legislativos municipales, esquema que quedó establecido en la Ley de Municipios Autónomos.

En lo pertinente al asunto que nos ocupa, la referida disposición legal, en su Art. 4.003, establece que el poder legislativo en Vieques será ejercido por una Legislatura Municipal, compuesta por doce legisladores municipales, nueve de ellos elegidos por el voto directo de los electores, y *tres mediante el mecanismo de representación de minorías.* Conforme ordena el inciso (a) del citado artículo, el método que debe seguirse en la repartición de estos últimos tres escaños será el siguiente:

> (a) *La Comisión Estatal de Elecciones declarará electo entre los candidatos que no hayan sido electos por el voto directo, aquéllos dos (2) que hayan obtenido más votos en el partido que llegó segundo en la votación para legisladores municipales, y uno del partido que llegó tercero. En el caso de Culebra, el legislador municipal adicional que se declarará electo será del partido segundo en la votación para legisladores municipales.* (Énfasis suplido.) 21 L.P.R.A. sec. 4153(a).

Es decir, de los escaños por minoría en la Legislatura Municipal de Vieques, dos escaños pertenecen a aquel partido político que llegue en la segunda posición en las elecciones para legisladores municipales y un escaño al que llegue en la tercera posición en el referido evento. Es, precisamente, el último de estos escaños —el que la ley reserva a aquel "partido político" que llegue en tercer lugar— el que está en controversia.

El P.I.P. sostiene que los escaños de las minorías en las legislaturas municipales pertenecen a los "partidos políticos" según definidos en el Art. 3.001 de la Ley Electoral de Puerto Rico, *supra,* 16 L.P.R.A. sec. 3101, y no a candidatos independientes.

La C.E.E., por su parte, considera que las circunstancias particulares del presente caso (donde un candidato a alcalde independiente y su grupo de legisladores obtuvieron mayor cantidad de votos que los candidatos del P.I.P.) ameritan alejarse de una interpretación literal del concepto "partido político" y que, en la alternativa, requieren que se adopte una interpretación que dé primacía a la voluntad del pueblo expresada en las urnas.

█ B. La Ley Electoral de Puerto Rico establece que *partido político* "[s]ignificará partido principal, partido por petición, partido local por petición y partido coligado". 16 L.P.R.A. sec. 3003(38). Esta definición nos remite, a su vez, a las definiciones particulares que nuestra ley electoral provee de las distintas formas en que estatutariamente puede quedar constituido un "partido".

█ Ahora bien, la disposición en controversia está contenida en la Ley de Municipios Autónomos, la cual carece de una definición del concepto "partido político". La Ley Electoral de Puerto Rico debe, pues, complementar la interpretación de los aspectos electorales contenidos en la Ley de Municipios Autónomos en todo aquello que sea compatible con su texto, con la intención legislativa o con los claros preceptos jurídicos que rigen en materia electoral.

Una lectura integral del Art. 4.003, *supra,* nos convence de que al evaluarlo debemos apartarnos de la concepción tradicional y estrecha de la expresión "partido político" que nos propone el P.I.P. y que avaló el Tribunal de Apelaciones. Veamos.

█ El referido Art. 4.003 claramente reconoce que resultarán electos a una legislatura municipal los candidatos que hayan obtenido la mayor cantidad de votos directos. Tal elección no está sujeta a que los candidatos vencedores hayan comparecido a las elecciones como parte de un partido político. La obtención del favor mayoritario del electorado valida así su elección. No existe controversia alguna sobre tal posibilidad. Así, pues, si los candidatos indepen-

dientes viequenses hubiesen obtenido el favor mayoritario del voto directo, no habría dudas sobre su elección.

La controversia la genera el hecho de que el inciso (a) del Art. 4.003, *supra*, dispone que varios puestos electivos de las Asambleas Legislativas concedidos a las minorías sean adjudicados a los "partidos políticos" que hallan "llegado" segundo y tercero en las elecciones. Una interpretación literal de esta disposición —basada en que la expresión "partido político" debe ser entendida en términos de que se refiere a las agrupaciones de ciudadanos que se han organizado en alguna de las formas partidistas tradicionales— produciría la automática exclusión de los candidatos independientes de la posibilidad de ocupar alguno de esos puestos.

En este sentido, tal interpretación literal crearía la situación de que todo candidato a un puesto de legislador municipal independiente sólo puede aspirar a ser electo mediante el mecanismo de elección por voto mayoritario directo. En tal caso no tendría posibilidad de ser acreedor a los mecanismos procesales de elección de minorías que benefician a los partidos políticos y que pretenden promover la representatividad de aquellos sectores que, si bien no obtienen el favor mayoritario, obtienen el suficiente número de votos para ser considerados representativos de un sector importante de una comunidad. Más aún, tal interpretación podría crear un resultado como el que potencialmente enfrentamos en el presente caso: que se conceda una posición en una Asamblea Municipal a un candidato que obtuvo un menor número de votos directos que cualquier otro candidato independiente que haya comparecido válidamente a la elección por el único hecho de que compareció como candidato de un partido político.

La interpretación literal que defienden los recurridos tiene, pues, serios problemas jurídicos que nos impiden que la avalemos. Primero, atenta contra elementales principios democráticos que postulan que la elección de un candidato supone el apoyo mayoritario del pueblo. Art. II,

Sec. 2, Const. E.L.A., L.P.R.A., Tomo 1. En este sentido, adoptar la propuesta del P.I.P. *implicaría conceder un escaño municipal a un candidato que obtuvo 297 votos, por encima de otro que obtuvo 1,205.* La naturaleza antidemocrática de ese proceder es evidente.

■ Segundo, en la medida en que subordina el mandato electoral a formalismos legales, desvirtúa el valor del voto directo. Art. II, Sec. 2, Const. E.L.A., *supra.* Véase *García Passalacqua v. Tribunal Electoral*, 105 D.P.R. 49 (1976). En términos prácticos, implicaría condicionar el valor de ese voto a que el candidato que lo recibe haya comparecido al proceso electoral como parte de un partido político.

Tercero, desmerece un esquema electoral harto conocido por la ciudadanía que procura que frente a las alternativas partidistas tradicionales, la ciudadanía pueda optar por candidatos independientes, e incluso votar por personas no incluidas en una papeleta mediante el mecanismo de nominación directa. De este modo, subvierte los propósitos delimitados en la Ley Electoral de Puerto Rico, que claramente dispone que

> ... las tendencias electorales modernas exigen la capacidad de expresión con independencia de afiliación partidista para la protección de todos los ciudadanos que así lo desean. Por tal razón, nos reafirmamos en el principio de que los propósitos de existencia de un ordenamiento electoral descansan en unas garantías de pureza procesal capaces de contar cada voto en la forma y manera en que sea emitido. Art. 1.002 de la Ley Electoral de Puerto Rico, 16 L.P.R.A. sec. 3002.

■ Y cuarto, atenta contra el principio básico de la igualdad electoral, pues excluye a las candidaturas independientes de la posibilidad de obtener un puesto electivo mediante uno de los mecanismos de elección considerados por ley.

■ Sobre este último aspecto, hemos reconocido que el axioma constitucional de igualdad electoral "es susceptible de manifestarse en diversas dimensiones". *P.R.P. v.*

*E.L.A.*, 115 D.P.R. 631, 633 (1984). Véase *P.P.D. v. Gobernador I*, 139 D.P.R. 643, 667 (1995). Si bien en el pasado este axioma ha sido invocado en el contexto de controversias que involucraban partidos políticos, no es exclusivo de ese contexto. Las alternativas electorales en ocasiones trascienden los márgenes de los partidos políticos. Se amplían, y con ellas los escenarios en los que el axioma constitucional de trato igualitario debe ser aplicado. No podemos constreñir su alcance. Ensancharlo es lo correcto. Frente a la "partidocracia", debe prevalecer la democracia.

 Es correcta, pues, la interpretación que la C.E.E. ofrece del citado Art. 4.003. Bajo el esquema democrático vigente, la expresión electoral mayoritaria debe ser respetada. No podemos avalar una interpretación en extremo formalista que permitiría a un partido obtener, en contra de la clara expresión de la ciudadanía, lo que por medio del voto no obtuvo.

 Ante cualquier incompatibilidad conceptual de las normas estatutarias o reglamentarias que rigen en materia electoral, estamos obligados, tal y como la hizo la C.E.E., a dar primacía a la máxima protección de la expresión electoral. Véanse: *Suárez v. C.E.E. I*, 163 D.P.R. 347 (2004); *Suárez v. C.E.E. V*, 163 D.P.R. 541 (2004); *P.P.D. v. Admor. Gen. de Elecciones*, 111 D.P.R. 199 (1981); *Granados v. Rodríguez Estrada I*, 124 D.P.R. 1 (1989); *P.N.P. v. Rodríguez Estrada, Pres. C.E.E.*, 123 D.P.R. 1 (1988); *Santos v. Comisión Estatal de Elecciones*, 111 D.P.R. 351 (1981); *P.S.P. v. Comisión Estatal de Elecciones*, 110 D.P.R. 400 (1980).

En vista de ello, en circunstancias como las de autos, donde un candidato a alcalde independiente y su grupo de legisladores obtiene una mayor cantidad de votos que los candidatos de un partido político tradicional, los primeros deben ser merecedores de ocupar el escaño que el Art. 4.003 de la Ley de Municipios Autónomos, *supra*, reserva a aquel "partido político" que llegue en tercer lugar.

Abona a esta conclusión el claro texto de la Ley Electoral, que si bien es cierto no considera una candidatura independiente dentro de la definición tradicional de "partido político", sí la reconoce dentro de los "Derechos y Prerrogativas" que la mencionada disposición legal le otorga a los electores puertorriqueños. Así claramente se deduce del Art. 2.001, incisos (3), (4), (10) y (11), los cuales, con el fin de garantizar el libre ejercicio de la franquicia electoral, así como lograr la más clara expresión de la voluntad del pueblo, reconocen al elector los derechos y las prerrogativas siguientes:

(3) El derecho del ciudadano al ... voto independiente bajo condiciones de igualdad en cada caso.

(4) El derecho del elector a participar ... en la inscripción de candidaturas independientes.

. . . . . . .

(10) El derecho a la libre emisión del voto y a que éste se cuente y se adjudique de la manera en que el elector lo emita.

(11) La prevalencia de los derechos electorales del ciudadano sobre los derechos y prerrogativas de todos los partidos y agrupaciones políticas. Art. 2.001 de la Ley Electoral de Puerto Rico, 16 L.P.R.A. sec. 3051(3), (4), (10) y (11).

 Cualquier interpretación de la Ley Electoral de Puerto Rico debe estar en consonancia con el referido articulado que, como hemos visto, promulga, entre otras cosas, la prevalencia de los derechos electorales del ciudadano sobre los derechos y las prerrogativas de todos los partidos y las agrupaciones políticas. La democracia existe para hacer valer la voluntad de los ciudadanos, no la de los partidos políticos.

 En consecuencia, concluimos que el mecanismo electoral para garantizar la representatividad de las minorías no está limitado a los partidos políticos. Se debe entender que la expresión "partido político" contenida en el inciso (a) del Art. 4.003 de la Ley de Municipios Autónomos, *supra*, incluye a cualquier agrupación de individuos o a candidatos independientes que hayan comparecido válidamente a una elección y hayan obtenido la segunda o ter-

cera posición de entre las alternativas electorales de una elección. En este sentido, haber obtenido el suficiente número de votos directos como para llegar segundo o tercero en un evento electoral cualifica a un candidato independiente para obtener un escaño mediante el mecanismo de representación de minorías.

## III

Al aplicar los principios antes enunciados resulta forzoso revocar la determinación del Tribunal de Apelaciones y restablecer la determinación de la C.E.E.

En el presente caso es un hecho incontrovertido que, pasadas las elecciones generales de 2 de noviembre de 2004, el candidato a alcalde independiente de Vieques y su grupo de legisladores, obtuvieron una mayor cantidad de votos que los candidatos del P.I.P. De esta manera se convirtieron en la referida municipalidad en la tercera agrupación electoral con más votos directos. A la luz de ello, y en una actuación que consideramos correcta, la C.E.E. decidió adjudicar a un candidato independiente a Legislador Municipal el último escaño que la Ley de Municipios Autónomos reserva para las minorías.

Obviando el claro mandato expresado en las urnas por los electores viequenses *y la voluntad común de un grupo de éstos de presentarse como una alternativa frente a los candidatos de los principales partidos políticos*, el Tribunal de Apelaciones decidió revocar esa decisión y otorgarle el escaño al candidato del P.I.P. que más votos obtuvo. Fundamentó su dictamen en una aplicación literal de la Ley Electoral de Puerto Rico y de su definición del concepto "partido político". Como expresamos anteriormente, no podemos avalar dicho curso decisorio. Al privar a los candidatos independientes de la oportunidad de considerarse una minoría para fines de tener representación en la Legislatura Municipal de Vieques, se vulneraron los derechos y las prerrogativas que, conforme al Art. 2.001 de la Ley Electoral de Puerto Rico, *supra*, le asisten a todo elector,

máxime cuando esos candidatos independientes son certificados como candidatos.

En vista de ello, entendemos que la C.E.E. actuó correctamente al dar primacía a la máxima protección de la expresión electoral y, por ende, al certificar al señor Estrada Rodríguez como Legislador Municipal de Vieques. Con esta decisión le garantizamos a los electores viequenses su derecho constitucional a la expresión de su voluntad mediante el sufragio universal, igual y directo. Art. II, Const. E.L.A., *supra*.

## IV

Por los fundamentos expuestos en la opinión que antecede, *se revoca el dictamen emitido por el Tribunal de Apelaciones. En consecuencia, se mantiene en todo su vigor la certificación emitida por la C.E.E. el 7 de enero de 2005 y se ordena a la Legislatura Municipal de Vieques a que, con la mayor premura posible, tome juramento al Sr. José Francisco Estrada Rodríguez como Legislador Municipal Independiente del referido municipio.*

*Se dictará la sentencia correspondiente.*

La Jueza Asociada Señora Fiol Matta votó conforme con la opinión por entender que el Tribunal utiliza una metodología interpretativa correcta, a partir de los principios básicos de nuestro esquema electoral, para llenar una laguna en la Ley de Municipios Autónomos y evitar una interpretación contraria a nuestra Constitución.